IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES NEAL WILLIAMS           )<br>                                                  )<br>            **Plaintiff,**               )<br>                                                  )<br>**v.**                                         )<br>                                                  )<br>**JEFF HERRIG, et al.,**          )<br>                                                  )<br>            **Defendants.**           )<br>_____) | **CIVIL ACTION**<br><br>**Case No. 08-3151-CM** |

## MEMORANDUM AND ORDER

Plaintiff James Neal Williams, currently a prisoner at the Lansing Correctional Facility, brings this case *pro se* alleging that defendants Jeff Herrig and Scott Garrett violated the First, Eighth, and Fourteenth Amendments when they refused to serve him food other than pork products for a number of days. Plaintiff's religious faith requires that he not eat pork or pork products. Defendant Garrett—allegedly the food service director/provider for the Jefferson County, Kansas jail while plaintiff was housed there—filed a motion to dismiss (Doc. 18). Defendant Garrett argues that plaintiff fails to state a claim against him because plaintiff fails to allege defendant Garrett's personal participation in the allegedly unconstitutional acts. Defendant Garrett also seeks dismissal of plaintiff's claims on alternative bases that the court does not reach here.

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is

plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Because of plaintiff's *pro se* status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

Here, the only mention of defendant Garrett in the complaint is in paragraph 3, where plaintiff states, "As food service director/provider, under contract food [sic] Jefferson County Jail, it is his responsibility to ensure that inmates are served proper food diet." All other allegations in the complaint center on the sheriff and his jail policies. Specifically, plaintiff alleges in Count I that his First Amendment right to freedom of religion was violated because:

> Jefferson County Sheriff's Office has told me, continuously, between the 4th–18th
> June 2008, that "pork" and "pork products" will be served, for all inmates, to eat. I'm

> being told that Islam/pork is my choice and my religious beliefs need to co-exist with "pork"/"pork products" in accordance with Jefferson County Sheriff policies.

In Count II, plaintiff alleges that his Eighth Amendment rights have been violated because "I have been forced by Jefferson County Sheriff's Office to go without food to eat for seven (7) days because Sheriff refuses to honor my religious faith of 'no pork' nor [sic] 'no pork products.'" And in Count III, plaintiff alleges that his Fourteenth Amendment rights have been violated because "[a]ccording to policies put forth by Jefferson County Sheriff (Jeff Herring) Muslims are not permitted to fully practi[c]e their religious faith at the Jefferson County Jail."

None of these allegations involve defendant Garrett. In order to be held personally liable for constitutional violations under 42 U.S.C. § 1983, defendant Garrett must have personally participated in the constitutional violations. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citation omitted) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Plaintiff must allege facts that tend to "establish a connection or a link between the alleged misconduct and constitutional violations [of] any of the defendants." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 (10th Cir. June 21, 2000). Even construing plaintiff's complaint liberally, as the court must, the court cannot find that plaintiff met his burden of alleging personal participation by defendant Garrett. The court dismisses the claims against defendant Garrett without prejudice. If plaintiff is aware of specific facts indicating that defendant Garrett personally participated in the alleged constitutional violations, plaintiff may seek leave to amend his complaint to reassert claims against defendant Garrett.

**IT IS THEREFORE ORDERED** that Defendant Scott Garrett's Motion to Dismiss (Doc. 18) is granted. The claims against defendant Garrett are dismissed without prejudice.

Dated this 23rd day of February 2009, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**